UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRUEBLUE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1424-B |
| | § | |
| WILLIAM R. FOSTER, III, | § | |
| AND CHAD C. GIBSON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff TrueBlue, Inc.'s Application for Entry of Temporary Injunction (Doc. 11), filed October 2, 2018. For the following reasons, the Court **DENIES** the Motion.

### I.

### BACKGROUND

Plaintiff TrueBlue alleges that two of its former employees—Defendants William R. Foster, III and Chad C. Gibson—violated their non-compete agreements when they went to work for Electrical Talent, LLC. Doc. 11, Pl.'s Appl., 1, 3. While all parties have agreed that arbitration of this dispute is proper, TrueBlue requested that this Court enter an injunction against Defendants prior to dismissal. Doc. 9, Pl.'s Resp., 1. Specially, TrueBlue requested that Defendants:

   a. refrain from working for Electrical Talent, LLC for 12 months;

   b. return and/or destroy all TrueBlue information and material that they retained;

   c. be barred from disclosing or using TrueBlue confidential information;

   d. not interfere with TrueBlue's employment agreements with its employees; and

  e. not solicit TrueBlue clients for 12 months.

Doc. 11, Pl.'s Appl., 6. After briefing was filed by both sides, the Court held an evidentiary hearing on November 20, 2018, and took testimony from Defendants and a TrueBlue representative.

## II.

## LEGAL STANDARD

  To obtain a preliminary injunction, a party must show: (1) a substantial likelihood that the party will prevail on the merits; (2) a substantial threat that the party will suffer irreparable injury if the injunction is not granted; (3) the party's threatened injury outweighs the threatened harm to defendants; and (4) granting the preliminary injunction will not disserve the public interest. *See, e.g., Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 252–53 (5th Cir. 2009). A preliminary injunction is an "extraordinary" remedy and is not granted "unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Id.* at 253 (internal quotations omitted).

## III.

## ANALYSIS

  Here, TrueBlue has failed to met its heavy burden on the first element. In particular, the non-compete as written is ambiguous. The non-compete prohibits former employees from working for a TrueBlue competitor located in "any area within 25 miles" of Defendants' former TrueBlue office, but fails to specify how that distance is measured. Doc. 11-2, Non-Compete, 1. Courts diverge in how to calculate distance when a covenant lacks the express language, but many resolve such ambiguities against the drafter. *See e.g., Rite-Aid of South Carolina, Inc. v. Cantrell*, 336 S.E.2d 726, 726–27 (S.C. Ct. App. 1985) (collecting cases). Thus, because Electrical Talent is located more than 25 road-miles away from the TrueBlue office, Doc. 15, Defs.' Resp., 7, TrueBlue has not met its burden to show

that Defendants are violating the non-compete by working at Electrical Talent.

In addition, the evidence presented at the hearing did not convince the Court that Defendants had taken or used confidential information in violation of the non-compete. TrueBlue presented insufficient evidence that Defendants had actively solicited TrueBlue clients. And TrueBlue presented no concrete evidence that Defendants had retained any other TrueBlue information or attempted to hire away current TrueBlue employees.

As such, for all relief requested, TrueBlue has failed to clearly carry its burden of persuasion on the first element—substantial likelihood of success. Because TrueBlue must carry its burden for all four elements, the Court hereby **DENIES** the Motion.

## IV.

## CONCLUSION

As such, Plaintiff TrueBlue's Application for Entry of Temporary Injunction (Doc. 11) is **DENIED.**

**SO ORDERED.**

**SIGNED: November 26, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE